DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.M.,** the Father and **B.O.,** the Mother,
Appellants,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

Nos. 4D16-287 and 4D16-578

[July 6, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 11-9211 CJDP.

Jeffrey B. Levy of the Law Office of Jeffrey B. Levy, P.A., Fort Lauderdale, for appellant E.M., the Father.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee.

Kelley Schaeffer, Sanford, for Guardian Ad Litem Program.

CIKLIN, C.J.

The father and the mother appeal the order terminating their parental rights. Appellate counsel for the mother moved to withdraw, asserting the absence of any issue of merit. The mother declined to retain replacement counsel or file an initial brief. Accordingly, we affirm as to the mother. We also affirm as to the father. However, we remand for the correction of a scrivener's error that applies to both the mother and the father.

In its petition for termination of parental rights, the Department of Children and Families asserted multiple grounds for termination of parental rights, but the trial court ultimately relied on only two grounds—that the father "is an incarcerated parent and the time period for which the father is expected to be incarcerated will constitute a significant portion of the child's minority," and "continuing the parental relationship with the father would be harmful to the minor child." *See* § 39.806(1)(d)1.,

3., Fla. Stat. (2014).  On appeal, the father makes numerous arguments pertaining to section 39.806(1)(d)1.  We find no merit to the issues raised by the father and affirm the termination of parental rights.  However, we remand for the trial court to correct a scrivener's error.  The judgment contains language indicating that termination was based on all the grounds alleged in the petition.  Because the ground of abandonment was withdrawn and it is apparent that termination was not based on abandonment, the judgment should clarify that termination is based only on subsections 39.806(1)(d)1. and 3.

*Affirmed and remanded with instructions.*

WARNER and GERBER, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**